The United States Court of Appeals for the Ninth Circuit is now in session. Good morning everyone and welcome to the Ninth Circuit virtually. Judge Wynn and I are happy to welcome Judge Richard Eaton of the Court of International Trade, who is joining us actually from Florida to assist us. We have several cases submitted on the briefs. Sandu v. Rosen is submitted on the briefs. Pensamiento Duarte v. Rosen is submitted on the briefs. United States v. DeTiro is submitted on the briefs. Miller Marital Deduction Trust v. Estate of Jack Miller is submitted on the briefs. And the first case for oral argument is Bill Hansen v. LMB Mortgage Services, Inc. Counselor, you can begin. Thank you. May it please the Court, Jeff Johnson on behalf of LMB Mortgage Services and CPL Assets, I'd like to reserve... Excuse me, could you start the clock, courtroom deputy? Sorry, excuse me. Thank you. If it was possible, I'd like to reserve two minutes of my time for rebuttal. And with the Court's permission, I'd start with the jurisdictional question that this Court asked in its order right before briefing. We believe that there is jurisdiction over this case. 9 U.S.C. Section 16A1A says that an appeal may be taken from an order refusing a stay under Section 3, and Section 16A1B authorizes an appeal from an order denying a petition to compel under Section 4. The District Court's order in this case did both of those things. The Court expressly stated, quote, defendant's motion to compel arbitration and stay the case is denied. Although the Court said that, this is what was confusing, I thought, because the statute under which it's ruling says it's supposed to determine whether there is an issue relating to the agreement. And if there is one, which is what it found, it must summarily proceed to trial of the underlying factual issues. So the order in which it said, I won't compel arbitration now, was really for now pending determination of the facts. So why isn't that more like a denial of summary judgment, which is interlocutory unless it's in the qualified immunity context? It's different because the statute is different, Your Honor. And so the statute simply says if you deny one of those motions, which are often interlocutory or can be, you have jurisdiction. I think the clearest way to see this from the case law is the D.C. Circuit's decision in Jin, cited on page 8 of our reply brief. And there the Court noted that because of the text of the statute and because of White's prejudicial practice, even if a District Court says, we think that there are more factual questions to resolve, the District Court, excuse me, the Appellate Court still has jurisdiction to consider the question. Now, we understand, as Your Honor points out, it's unusual to have an appeal when the District Court itself says there are fact questions to be resolved. And so that's why in Jin, the D.C. Circuit took the next step of sort of crafting a procedural solution for this problem, where it advised District Courts to, instead of denying a motion to compel or instead of denying a motion to stay, it said hold those in abeyance, conduct the trial that's called for by the FAA, and then after you've had the fact finding, you can go ahead and enter your order, which will be appealable. And so rather than get into the question of whether or not there were factual questions on appeal, the D.C. Circuit simply vacated and remanded in that case for that fact finding to take place and said that going forward, that's what it wanted to do. We, of course, believe for the reasons given in our brief that arbitration is proper as a matter of law in this case, but we aren't strongly opposed to that sort of judicial efficiency of saying wait now, you identified factual questions, why don't you resolve those factual questions before entering an order on the motion to compel or to stay. Just one last question about the jurisdictional issue. If the District Court denied the motion to compel so that we have jurisdiction, under what authority is the District Court moved forward? So the motion is denied. Did you bring another motion or what are we doing here? I'm sorry, I'm not sure I understood. Your theory is that the District Court denied the motion to compel. So the motion has been denied. What's now pending before the District Court? The District Court has stayed proceedings in light of our appeal to this court, recognizing that it thought that we made a good case for why there ought to be equitable estoppel here. But otherwise, absent that motion to compel being granted, the regular course of events would have happened. In fact, after the parties received the court's order, they submitted a joint status report that purported to go right into class certification and the merits and discovery and those things. So that's what would have been going on in the District Court, absent the stay that has been ordered now. I thought it denied the motion to stay because it had to grant the motion to compel first. I mean, it didn't deny the motion to stay on its own merits. I think the order is a little unclear on what exactly it was doing there. I think that there was a question about whether a jury or a judge should resolve those issues. But again, under the statute and under the circuit precedent identified in Jin, even if it had said, I'm going to wait for these factual questions to be resolved, there would be jurisdiction under the FAA in order to resolve that question. And so and similarly with stays, you know, stays can be constructively denied or they can be denied in practice as well as by an official order. Although I would point out that here the order on page 14 of the records expressly says that the stay is denied. And so, yes, I agree that the order is not 100 percent clear on this point, but we think there is jurisdiction. And that's what the District Court and the parties were thought going on in this case. All right. If there are no further questions about jurisdiction, then I'd like to move briefly into the merits. In our brief, we identified three reasons like to focus on one here, equitable estoppel for why Bill can be compelled to arbitrate even if his mother, Wilayna, is the one who pressed the button. And under this court's precedent, a non-signatory may be bound to arbitrate when it knowingly exploited the contract. But that knowingly in that test is flexible and pragmatic. It doesn't turn on the non-signatories detailed knowledge of the contractual provisions, doesn't turn on their sort of intimate involvement with its creation. It turns on fairness and on knowingly exploiting the contract. I thought that Bill expressly denied knowing about Wilayna's use of this application. Why isn't that enough to create a genuine issue material fact about his knowledge? So for two reasons, Your Honor. First, if you look at his declaration on excerpts of record 41, it's not actually very clear that he denies knowing about a cent or speaking of how the mortgage was refinanced. I think the eighth paragraph is the closest that he comes. And he simply says, I have never in my life known of any purported agency or third party beneficiary relationship with my mother in connection with LMB. That's not clearly saying I don't know about a cent or the refinance. Second, even if he had entered a sort of boilerplate denial of knowledge of this, the case law is clear on this that when we when we all know what must have happened, that there must have been a contract and it must have been exploited. Then we don't take those kinds of assertions as creating a genuine disputed material fact. So I think a good example of this case would be the get around case called Hofer, where one brother used a car rental app to sign up for a rental car to drive them both home for Thanksgiving months later. The other brother said he knew about the car company, but he didn't have any detailed knowledge of the circumstances or situation. And so it was fair in that case, just as it's fair here to compel Bill to arbitrate, even if he didn't know the details of the relationship between LMB and his mother. You say that we all know that Bill exploited the contract. How do we all know that? Well, we know it from the sort of the record of what actually happened in this case. We know that his mother, again, by hypothesis, submitted the information that contained both of their contact information. May I finish? You still have a minute. Oh, sorry, sorry. We know that his mother submitted the sort of blended contact information. We know that a lead ID was generated with that contact information that was sent to Ascent. And we know that less than three months later, that co-owned property jointly held by mother and son was refinanced using Ascent. And so we don't know because we don't have a screenshot of him asserting that he did that, but we know it from a sort of common sense. It's circumstantial evidence. Exactly, Your Honor. Thank you for the better term. Do you want to save the remainder of your time? If I could, that would be great, Your Honor. All right. We'll hear from the other side. Thank you, judges of the panel. May it please the Court. David Hall on behalf of Appellee Bill Hanson. If the Court allows, I'd like to address jurisdiction first and then the merits. Please. Our understanding is that under the Ninth Circuit's ruling in Van Dusen, this Court lacks jurisdiction over this sort of interlocutory denial of a motion. While we're aware of the Gin case and some other cases, the Ninth Circuit's reasoning in Van Dusen is clear that where a denial of a motion to compel arbitration is really, I think, quote, establishing a decision-making mechanism, not finally determining the question on the merits, there is no appellate jurisdiction. And that's what we have here. As Judge Ikuda pointed out, the Court held that defendants failed to carry their burden, which is akin to a summary judgment on an affirmative defense. They need to establish that the contract exists without any remaining disputes of fact. They failed to carry that burden. There are disputes of fact. And then the district court properly held, because plaintiffs had requested a jury trial on that issue, that it couldn't be resolved on the papers. It couldn't be resolved by the judge acting as the fact finder. It would have to proceed to trial. In a case like this, where the order really just establishes a decision-making mechanism, there is no appellate jurisdiction. So the opposing counsel argues that the Court actually stated, ruled, that the motion to compel is denied. And the D.C. Circuit says, if you don't want that to be a final order, then the district court would have to hold that ruling in abeyance. What do we do about that? Yes, Your Honor. I think that the D.C. Circuit may have succumbed to the tyranny of labels. I don't think the title of the ruling dictates this court's jurisdiction. I think it's the effect, the substance of the ruling. So whether it's denied without prejudice, subject to a future jury trial, whether it's held in abeyance, I don't think those labels can override the language or the intent of the FAA. The FAA was about providing a rare interlocutory appeal of certain rulings that deny a petition to compel. Here, we don't have an order denying the petition. We have an order denying a motion. Defendants failed to carry their burden on this motion. But a final ruling on the merits of the petition hasn't been reached and cannot be reached until a jury resolves the disputed questions of fact. So while we understand that Jinn reached a different holding, we think that this court is bound by the reasoning of Van Dusen, which is at 830-F3-893. We also think that it's consistent with the policy of the FAA, and I think that this case demonstrates it. As explained in Van Dusen, the policy of this appeal and the FAA's right to appeal in general is to have this type of issue ruled quickly and early in the case. Here, we've got a ruling from the district court that defendants had failed to meet their burden on the motion. The court then acknowledged that the factual disputes would be resolved by a jury and that plaintiffs would need some discovery before that jury trial could happen. Plaintiffs entered a schedule in the court below. Defendants, meanwhile, appealed and then moved to stay the proceedings so that that discovery in that jury trial couldn't happen pending this appeal. So here we have, I think, the opposite of the expeditious jury trial that the FAA contemplates. We've got delay. We've got the risk of seriatim appeals. Even if this is remanded and then we get to the jury trial, defendants will no doubt appeal again. So we think that the better policy supports the reasoning of Van Dusen, that where a ruling like this just sets out the process, doesn't finally determine the petition on the merits, this court lacks jurisdiction. Defendants will always be able to appeal after the jury trial that determines these issues finally. Let me make sure that my understanding of the record is correct and that I didn't miss anything. It appears to me that during the court's discussion of the motion with the parties, the district court did specifically ask whether the parties agreed with the court's view that if there are factual issues remaining, then the court would essentially proceed the trial. As I read the record, both counsel agreed with that approach or that perspective. So the parties were in agreement with the court that if there's a factual issue, there would be an immediate trial in this matter to resolve those factual issues first before ruling on the motion. Is that a correct view of the record and your discussions with the court below? Yes, Judge. Both sides at the hearing on the motion to compel arbitration agreed that any factual disputes would go to a jury after discovery. But after the ruling denying the motion to compel and the parties proceeded to enter a schedule for that discovery leading up to that jury trial, defendants then appealed to this court and then filed yet another motion to stay proceedings in the district court. So one could say that their position changed, but plaintiff's position has not changed. I understand that it's the language of the denial of the motion seems fairly definitive, but I think we've got to look at it in context of what was discussed and what the parties in the court contemplated at the time. And, you know, perhaps an option would be to have the district court clarify. Because I think the record does create some confusion. Your Honor, I would say that, you know, in contrast to the decision from the D.C. Circuit, which takes a sort of categorical approach that, you know, any order, any denial of any motion related to arbitration seems to warrant jurisdiction under the D.C. Circuit's rationale. I do agree with, you know, this court's instructions in Van Dusen that it can't be categorical. There are certain denials of motions that do not constitute final denials of the petition. And so I think that's, you know, regardless of how it's labeled, I do think that here we have at most an interlocutory denial of a motion that sets out a procedure that will ultimately result in and resolve the issue of the petition. It's only upon the denial of that petition after the jury trial that this court would take jurisdiction. I have a question regarding the formation of the contract. And help me out here, you know, my tech skills are limited. I not infrequently have my screens on Zoom. If I'm not wearing glasses, I have a hard time seeing. What does the record show regarding whether the language below the button, you know, click here to see results, whether it's visible on screen if somebody's got their computer adjusted a certain way? Thank you, Your Honor. That's a very good point. The record shows that the font was so small that defendants couldn't even reproduce it in a brief without magnifying it dramatically. No reasonable person would be expected to recognize this fine print on the last page of a survey well below brightly colored large font distracting buttons that in the fine print buried in that paragraph of fine print that there was some reference to terms and that in those terms maybe there was a reference to arbitration. So we think that, you know, while the court was clear and correct to hold that there is a genuine dispute of fact as to whether anybody ever clicked this button, defendants don't have evidence. They've said just trust us. We've introduced numerous declarations of people whose experience contradicts that just trust us evidence from defendants. But as I think we briefed fully below, but the court below did not reach because the court held that there was no click of the button to begin with, even if someone did click the button, it would still not create a contract because of the presentation here under a long line beginning with when the Barnes & Noble. There are quite a few cases from the Ninth Circuit and other circuits that we've cited. You know, this is a, you know, an obscured. If it was designed, it was designed to obscure the notice. It was not clear and conspicuous as is required. What's the font size of that? I don't know off offhand, Your Honor. 9.9 point somewhere around there is my recollection. Perhaps perhaps eight. But in addition to the font, you also have the color. You also have it on the last page of a survey that says no login required. We respect your privacy. Click for your free results. Nothing indicating that this process would result in a contract. We also have that disclosure, the language itself well below the large green button that says click here for your free results. The cases that defendants rely on usually have a checkbox or have the language up in similar font as the button or above here. Anybody that went through and actually click through wouldn't realize and wouldn't have clear and conspicuous notice. So that's an alternative basis. Should this court take jurisdiction to affirm the denial and that there are no disputes of fact there? I think that, you know, that that's an opportunity for the court to rule as a matter of law. I would quickly over time. Oh, OK. Thank you for your argument. I think we have your argument. And there's some time remaining for Mr. Johnson. Thank you, Your Honor. Just to begin quickly with a response to the jurisdictional argument. It appears that the district court didn't actually take any action on the motion. So I'm just going to keep it just like the D.C. Circuit in gin said should be done to avoid creating an appealable order by holding it. And I'll be anything in Van Dusen compels a contrary conclusion. And in fact, it's not just gin that is held that situations like this give rise to an appealable order. Gin cites unanimous wall of circuit authority from across the country, finding jurisdiction in these cases. Of course, as I said, when I first began, we understand why it's a matter of judicial efficiency or economy. It might make sense to vacate and remand to have that fact finding take place before this court addresses the issues raised. And so we're not strongly opposed to that course of action. We just don't think it's compelled as a lack of jurisdiction on the merits. I guess I just quickly respond to the concerns about the font. Opposing counsel said there was no factual disputes. There's been no real fact finding on this question. There's been no fact points on this. The record doesn't say what size computers people are using, those kinds of things. I would point out that the buttons right next to the text, the first line of that text makes clear that by clicking, you're entering into a contract. This is the sort of thing that happens all the time on Web pages and courts finding contracts all the time. In fact, in this particular case, Rodriguez found one on this exact same Web site. If there are no further questions, I'd ask the court to reverse and remand or vacate and remand. We thank both parties for their arguments in the case of Bill Hanson v. LNB Mortgage Services, Inc. is submitted.
judges: Ikuta, Nguyen, Eaton